UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARION ENSLEY, | ) | CASE NO. 1:11 CV 1085 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CLEVELAND STATE UNIVERSITY, et al.,) | | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* plaintiff Marion Ensley's above-captioned *in forma pauperis* Complaint. Ms. Ensley names Communication Workers of America/Local 4309 (CWA), its agent Shirley Love, Cleveland State University (CSU) and the following CSU employees as defendants: Geoffrey Mearns, Melody Stewart, Linda Tymke, William J. Spiker, and John J. Boyle, III. Ms. Ensley asserts this Court's jurisdiction "to hear all matters in violation of Ohio Statutes including violations under Sections 4112.02(a); 4112.14, 4112.99 and 2743.03." (Compl. at 2.) The Complaint alleges CSU and CWA subjected Ms. Ensley to "disparate treatment" and that she endured a hostile work environment while employed with CSU. She

seeks damages in excess of $75,000 for emotional stress, costs and interests.

*Background*

Ms. Ensley was hired by CSU as a secretary in 1980. Some time during 2003, she came under the supervision of defendant Melody Stewart. The responsibilities for Ms. Ensley's position included the initiation and promulgation of several technological advancements in CSU's Admissions Department. Instead of focusing on her performance of these duties, Ms. Ensley alleges, Ms. Stewart unfairly rated her performance "under a 'Gal Friday' auspices." (Compl. at 3.) She claims Ms. Stewart's "substandard treatment" toward her was evidence of a discriminatory animus against her based on Ms. Ensley's age.

On February 15, 2006, Ms. Ensley's job was abolished. At the time, she was 52 years old. A new position was created for her entitled, "Secretary 1." She claims she was treated differently than younger females. One coworker, aged 20, was promoted from the typing pool to Administrative Secretary. Another, aged 30, was promoted and "replaced Plaintiff in the Law School even though she was qualified for the job." (Compl. at 4.) At some point during that year, Ms. Ensley states she was demoted and transferred to a receptionist's position working for defendant Linda Tymke. During that time she alleges she was "stigmatized as an over the hill antiquated secretary, just fit for 'Gal Friday' chores." (Compl. at 4.) Ms. Ensley maintains she was continuously deprived of opportunities for promotion and advancement. She complained to Geoffrey Mearns, to whom Ms. Stewart reported, that she was the victim of disparate treatment based on her age, but her complaints were ignored.

In December 2007, Ms. Ensley received a letter from defendant John Boyle wherein he implied to her that her performance was inefficient, "[b]ut [we] find that in the light

2

of our need to reorganize for efficient operation, there is no alternative." (Compl. at 5.) She does not clarify to what alternative he was referring, but states later in her Complaint that she was laid off in December 2007. At that time she asked CWA to file a grievance on her behalf. The Union allegedly refused and "thereby discriminated against her in her employment status" in violation of Ohio Revised Code §4112.02(C)(2).

Finally, Ms. Ensley complains "that this invidious discrimination is further evidenced in the disparity between the 2006 layoff letter where Plaintiffs [sic] rights to appeal and grieve were set forth; and her December 2007 layoff letter where her bumping rights are conspicuously omitted."[1] (Compl. at 4.) She avers that these acts of discrimination based on her age created a hostile work environment which caused emotional distress.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to

---

[1] There are no copies of these letters attached to the Complaint.

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

section 1915(e).

*Lack of Jurisdiction*

As a court of limited jurisdiction, a "federal court must proceed with caution in deciding that it has subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir.1996). The existence of federal question jurisdiction is determined by examining the plaintiff's well-pleaded complaint. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Under this rule, the plaintiff is the master of her claim and can avoid federal court jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1997).

Here, Ms. Ensley does rely exclusively on state law to establish her claim. She believes, however, that the jurisdiction of this Court permits it to address all matters in violation of Ohio law. There is simply no case law or statute, however, which supports her assertion.

A. Diversity

Were Ms. Ensley seeking to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), the Complaint shows such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty*

*Co. v. Tashire*, 386 U.S. 523, 531(1967)). For complete diversity to exist Ms. Ensley must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir.1967). Absent complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. Ms. Ensley, as well as and all of the defendants she names, are Ohio citizens. (Compl. at 1-2). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

B. Federal Question

Assuming, *arguendo*, that Ms. Ensley was seeking to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, the Complaint provides no factual content or context from which the Court may reasonably infer Ms. Ensley is now entitled to assert her federal rights under the laws or Constitution of the United States. While the Age Discrimination in Employment Act (ADEA) protects employees from discrimination based on age, Ms. Ensley has explicitly asserted her right to relief under state law. Moreover, under the ADEA: "No civil action may be commenced by an individual ... until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission [E.E.O.C.]." 29 U.S.C. § 626(d)(1). Therefore, a plaintiff must pursue administrative remedies before bringing a civil action pursuant to the ADEA. *Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir.1986).

Ms. Ensley has not alleged that she filed a charge with the E.E.O.C. If a party fails to comply with this requirement, the district court does not have jurisdiction over the ADEA claim. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir.1998). Thus, even if Ms. Ensley were attempting to file this as an ADEA claim, her failure to file an E.E.O.C.

5

charge would divest this Court's jurisdiction.

C. No State Law Preemption

The only remaining potential federal question claim would be Ms. Ensley's dispute over the Union's alleged failure to represent her grievance. Section 301 of the Labor Management Relations Act (LMRA) states: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties...." 29 U.S.C. § 185(a). The Supreme Court has held that section 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) (citing *Teamsters Local 174 v. Lucas Flour Co.*, 369 U.S. 95(1962)).

Ms. Ensley alleges the Union failed to represent her because of her age. Where, as here, there is a "question [involving] . . . whether or not the plaintiff was discriminated against [it is] separate from any possible defense the employer might have under the contract ... It is irrelevant to the preemption question whether or not the employer can defend by showing it had the right under the collective bargaining agreement to do what it did." *O'Shea v. Detroit News*, 887 F.2d 683, 687 (6th Cir.1989); *Knafel v. Pepsi-cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1482 (6th Cir.1990) ("An inquiry into the conduct of an employee and the motivation of an employer does not necessarily require an interpretation of a labor agreement"). Therefore, where there is assertion against a Union based on unlawful discrimination, the CBA is not invoked and section 301 preemption under the LMRA is not required. *O'Shea*, 887 F.2d at 687.[3]

---

[3]Even if Ms. Ensley's claim were subject to preemption because it invoked the CBA, she would be barred by the six months statute of limitations for claims brought under the Fair
(continued...)

6

*Conclusion*

For the foregoing reasons, there is no basis for the Court to exercise subject matter jurisdiction over this case. Accordingly, Ms. Ensley's Motion to Proceed *In Forma Pauperis* is granted and the Complaint is dismissed, but without prejudice to any state law claims she may choose to pursue. The Motion for Marshall Service [Dkt. No. 3] is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent 9/8/11
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
Labor Standards Act (FLSA). *See Martin v. Lake County Sewer Co.*, 269 F.3d 673, 679 (6th Cir.2001) (an FLSA claim resting "on interpretations of the underlying collective bargaining agreement" should have been dismissed as it was not filed within the six-month statute of limitations applicable to Section 301).